'Hah, Judge.
 

 The acts of Assembly make a differ•.ence between ordinary or1 tavern keepers, and retailers of spirituous liquors. The first are obliged by the act •of 1798
 
 (Rev. c.
 
 501,) to enter into bond with surety -to.provide in his ordinary good and wholesome diet, and lodging for travellers, and fodder, and corn for horses. The 7th section of the same act (not published in the last revisal) declares -that every person, who intends to
 
 -retail spirituous liquors,
 
 without
 
 applying
 
 to the court for
 
 >a licence to keep an ordinary house of
 
 entertainment, agreeably to the directions of this act, shall at the time of giving in Ms list of taxable property, signify the same
 
 *117
 
 to the justice of the peace, whose duty it shall be to report the same to the clerk.
 
 (Iredell’s or Martin’s Re-
 
 visal-) It is obvious from this provision of the act, that the legislature considered that there was a difference between ordinary or tavern keepers, and retailers of spirituous liquors. By the act of 1816
 
 {Rev. c.
 
 906) the “County Court, when seven justices shall be on the bench, are authorized to licence persons of good conduct and moral character to retail spirituous liquors by the small measure. No bond is required of them, as is required from ordinary or tavern keepers. By the act of 1801
 
 (Rev. c.
 
 581) it is declared, that if any tavern keeper or keeper of a house of entertainment, shall suffer any games to be played in his or her dwelling house, wherein he or she lives, or shall furnish such persons with drink he shall be fined, &c. This act, in terms, extends to favern keepers, or keepers of houses of entertainment, but does not extend to retailers of spirituous liquors. The law has made a difference between them ; and as the latter act is a penal one, and only extends to one of them, altho’ the other comes within the meaning and mischief of it, we cannot by construction extend it, so as to remedy the mischief, and include the other.
 

 Per Curiam. — Judumewt reversed.